**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 15 2023

TAMMY H. DOWNS, CLERK

By:_____ DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

SUSAN KITTLER                                                                   PLAINTIFF

V.                              NO. 4:23CV197-BSM

LOIS SPENCER, INDIVIDUALLY,
AND IN HER OFFICIAL CAPACITY                                        DEFENDANT

## NOTICE OF REMOVAL

Defendant, Lois Spencer, in her individual and official capacities, respectfully comes before this honorable Court by and through undersigned counsel and, for her Notice of Removal, states:

1.      Plaintiff filed her Complaint on November 22, 2022, in the Circuit Court of Faulkner County Arkansas, Case No. 23CV-22-1538. Lois Spencer, in both her individual and official capacities, was the named Defendant.

2.      Defendant filed an Answer on March 15, 2023. Defendant has simultaneously filed a Notice of Parties and State Court of Removal with the Circuit Court of Faulkner County, Arkansas, pursuant to 28 U.S.C. §1446(d).

3.      Plaintiff alleges violations of her rights under the Fourth Amendment to the United States Constitution pursuant to 42 USC § 1983. Plaintiff also alleges state law violations under the Arkansas Civil Rights Act and the Arkansas Constitution.

4.      28 U.S.C. §1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court.  Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. §1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy.

This case assigned to District Judge _Miller_
and to Magistrate Judge _Kearney_

This Court has both original and removal jurisdiction over statutory causes of action arising under federal law.  Plaintiff's Complaint clearly states a claim that arises under the laws of the United States.  Thus, original federal jurisdiction is vested pursuant to 28 U.S.C. §1331 and removal is proper under the federal removal statutes.

5.    Venue is proper in this Court.

6.    A true and correct copy of the pleading served on Defendant is attached hereto as Exhibit "A" and incorporated herein by this reference, these constituting all process, pleadings and orders which have been served on Defendant. The Answer filed on behalf of Defendant is also attached hereto as Exhibit "B" for the convenience of the Court.

7.    Pursuant to 28 U.S.C. §1446, Defendant hereby gives notice of the removal of this action from the Circuit Court of Faulkner County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division.

**WHEREFORE**, Defendant prays that this action be removed from the Circuit Court of Faulkner County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division, in accordance with 28 U.S.C. §1331, §1441 and §1446, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

Lois Spencer, in her individual and official capacities
**DEFENDANT**

BY:  William C. Mann, III

William C. Mann, III, AR Bar No. 79199
Attorney for Defendant
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-374-3484, ext. 231
EMAIL: bmann@arml.org

2

## CERTIFICATE OF SERVICE

I, William C. Mann, III, hereby certify that on March 15, 2023, that a true and correct copy of the above and foregoing has been served upon the attorney of record as referenced below, via first class mail and e-mail:

Lucien Gillham
Lucien.gillham@gmail.com
Luther Sutter
luther.sutterlaw@gmail.com
1501 N. Pierce, Suite 105
Little Rock, AR 72207

William C. Mann, III, AR Bar No. 79199

3

ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2022-Nov-22 12:42:20
23CV-22-1538
C20D01 : 4 Pages

**IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS**
**CIVIL DIVISION**

**SUSAN KITTLER**                                                      **PLAINTIFF**

**VS.**                          **CASE NO.** _____

**LOIS S. SPENCER, INDIVIDUALLY, AND**
**IN HER OFFICIAL CAPACITY**                                    **DEFENDANT**

**COMPLAINT**

Comes the Plaintiff, **SUSAN KITTLER,** by and through counsel, **SUTTER &**

**GILLHAM, P.L.L.C.;** and, for this Complaint, she states:

**PARTIES & JURISDICTION**

1.      Plaintiff is a resident and citizen of Faulkner County, Arkansas, who brings this

action against Lois S. Spencer, a duly acting and appointed Police Officer for the City of Conway.

The City of Conway is a municipality organized and existing under the laws for the State of

Arkansas, who employed Lois S. Spencer, (hereinafter "Spencer"), as a Police Officer. Officer

Spencer is herein sued in her Individual and Official Capacity for violations of Plaintiff's State

and Federal Constitutional Rights, as allowed by 42 USC 1983 and the Arkansas Civil Rights Act

of 1993. Accordingly, this Court has jurisdiction over Plaintiff's claims, at common law, for

malicious prosecution and false imprisonment. All actions were taken under the color of law.

**GENERAL ALLEGATIONS OF FACT**

2.      In April of 2021, Plaintiff was sitting at home, minding her own business.

3.      Plaintiff, while doing so, states that her grand-children's biological father, arrived

at her home with Easter baskets for his children, knowing there was an Order of Protection in place

4.      He appeared, at her home, in clear violation of the *Order of Protection.*



5.      Plaintiff contacted the Police because after he refused to leave her home as he has previously been charged with **AGGRAVATED ASSAULT - FAMILY OR HOUSEHOLD; TERRORISTIC THREATENING - 1ST DEGREE; and DOMESTIC BATTERING - 3RD DEGREE, see case number** *60CR-20-883 - STATE V BRYAN JAMES SWANIGAN*.

6.      The Police appeared but refused to cite the biological father of Plaintiff's grand-children, Swanigan, for trespassing &/or violation of an existing Order of Protection.

7.      To the contrary, Defendant Spencer, in fact charged Plaintiff with aggravated assault without probable cause.

8.      Indeed, the charges were eventually dismissed because they were factually and legally baseless.

## COUNT I

9.      Plaintiff realleges the foregoing as if more fully set out herein.

10.     By virtue of the facts alleged herein, Plaintiff was charged with a crime she did not commit.  Plaintiff was arrested in violation of the 4th Amendment United States Constitution and Article 22 of the Arkansas Constitution.  Plaintiff also sues for false imprisonment, abuse of process and malicious prosecution.

11.     Plaintiff was seized and arrested without probable cause.  Had Officer Spencer been properly trained, she would have seen that a crime had not been committed by Plaintiff.

12.     Indeed, once the Prosecutor viewed the evidence in this matter, the charges were eventually dismissed.

13.     As a direct and proximate cause of the acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, as well as incurred other damages in an amount to be proven at trial.

14. Defendant Spencer's actions have been egregious so as to warrant the imposition of punitive damages against her in her individual capacity.

## COUNT II

15. Plaintiff realleges the foregoing as if more fully set out herein.

16. Plaintiff brings this action against the Defendant Spencer in her official capacity as an Officer for Conway Police Department.

17. By virtue of the facts alleged herein, the Constitutional violation occurred due to the City of Conway's failure to train.

18. By virtue of the facts alleged herein, Plaintiff was charged with a crime she did not commit. Plaintiff was arrested in violation of the 4th Amendment United States Constitution and Article 22 of the Arkansas Constitution.

19. Plaintiff was seized and arrested without probable cause. Had Defendant, Officer Spencer, been properly trained, she would have seen that a crime had not been committed by the Plaintiff.

20. Again, once the Prosecutor viewed the evidence, the charges were eventually dismissed.

21. As a direct and proximate cause of the acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, as well as incurred other damages in an amount to be proven at trial.

## COUNT III

22. Plaintiff realleges the foregoing as if more fully set out herein.

## JURY DEMAND

23. Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff, **SUSAN KITTLER**, prays for appropriate compensatory and punitive damages exceeding $500,000; for attorneys' fees and costs; for a trial by jury; and, all other proper relief to which she's entitled to.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C**.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:     */s/ Luther Sutter*
        Luther Sutter, Esq., ARBN 95031
        luther.sutterlaw@gmail.com

By:     */s/ Lucien R. Gillham*
        Lucien R. Gillham, Esq., ARBN 99199
        lucien.gillham@gmail.com

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
CIVIL DIVISION

SUSAN KITTLER                                                    PLAINTIFF

V.                              NO. 23CV-22-1538

LOIS SPENCER, INDIVIDUALLY,
AND IN HER OFFICIAL CAPACITY                                     DEFENDANT

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Lois Spencer, in her individual and official capacities, respectfully comes before this honorable Court by and through undersigned counsel and, for her Answer to Plaintiff's Complaint, states:

## PARTIES & JURISDICTION

1.      Defendant is without knowledge or information sufficient to form a belief as to the allegation that Plaintiff is a resident and citizen of Faulkner County, and such, denies same. Defendant denies Lois Spencer is a current officer with the Conway Police Department – she is retired. Defendant admits the City of Conway is a municipality in the State of Arkansas. Defendant admits Lois Spencer is named as a Defendant in this case and that Plaintiff has indicated she is being sued in her individual and official capacities as stated in the third sentence of paragraph 1 of the Complaint. Defendant denies each and every remaining allegation contained in the third sentence of paragraph 1 of the Complaint. The fourth sentence of paragraph 1 of the Complaint contains a legal conclusion, and as such, no response is required; however, should a response be deemed necessary, Defendant denies same. Defendant specifically denies Plaintiff was maliciously prosecuted or falsely imprisoned. The last sentence of paragraph 1 of the Complaint contains a

1



legal conclusion, and as such, no response is required; however, should a response be deemed necessary, Defendant denies same. Defendant specifically denies any and all wrongdoing alleged.

## GENERAL ALLEGATIONS OF FACT

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and as such, denies same.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 3 of the Complaint, and as such, denies same.

4.      Defendant admits Bryan Swanigan appeared at Plaintiff's home on April 4, 2021, and that Destiny Kittler had an Order of Protection against Bryan Swanigan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 4 of the Complaint, and as such, denies same.

5.      Upon information and belief, according to public records, Bryan Swanigan had previously been charged with aggravated assault, terroristic threatening and domestic battery in *State of Arkansas v. Bryan James Swanigan,* Pulaski County Circuit Court No. 60CR-20-883. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint. Defendant admits Plaintiff called 911 and affirmatively states that Bryan Swanigan called 911 before the Plaintiff and reported Plaintiff was armed and threatening him with a gun.

6.      Defendant admits she and other officers appeared at Plaintiff's apartment on April 4, 2021, in response to Swanigan's call. Defendant denies the remaining allegations contained in paragraph 6 of the Complaint, specifically that Swanigan wasn't cited for violating an order of protection. Swanigan was issued Ticket Number 1A18434576 on April 4, 2021, for violation of a no contact order and was arrested and transported to the jail. Charges were filed the following day

2

based on this citation, and those charges are still pending. *See State of Arkansas v. Bryan James Swanigan,* Faulkner County District Court No. CWC-21-707. Defendant specifically denies any and all wrongdoing alleged.

7.    Defendant admits Plaintiff was arrested for aggravated assault and that charges were filed in Faulkner County Circuit Court by the Prosecuting Attorney for the Twentieth Judicial District of Arkansas. *See State of Arkansas v. Susan Kittler*, Faulkner County Circuit No. 23CR-21-348. Defendant denies the remaining allegations contained in paragraph 7 of the Complaint. Defendant specifically denies any and all wrongdoing alleged.

8.    Defendant admits an Order to Nolle Prosequi the charges against Plaintiff was entered and the charges were dismissed. Defendant denies the allegation contained in paragraph 8 of the Complaint. Defendant specifically denies any and all wrongdoing alleged.

## COUNT I

9.    Defendant reaffirms and reiterates each and every response to paragraphs 1 through 8 in response to paragraph 9 of Plaintiff's Complaint.

10.    Defendant denies each and every material allegation contained in paragraph 10 of the Complaint. Defendant specifically denies any and all wrongdoing alleged.

11.    Defendant denies each and every material allegation contained in paragraph 11 of the Complaint and assert that Officer Spencer was properly trained. Defendant specifically denies any and all wrongdoing alleged.

12.    Defendant denies the basis and characterization of the allegations contained in paragraph 12 of the Complaint. Defendant admits an Order to Nolle Prosequi the charges against Plaintiff was entered and the charges were dismissed. Defendant specifically denies any and all wrongdoing alleged.

3

13.    Defendant denies each and every material allegation contained in paragraph13 of the Complaint. Defendant specifically denies any and all wrongdoing alleged.

14.    Defendant denies each and every material allegation contained in paragraph 14 of the Complaint. Defendant specifically denies any and all wrongdoing alleged.

## COUNT II

15.    Defendant reaffirms and reiterates each and every response to paragraphs 1 through 14 in response to paragraph 15 of Plaintiff's Complaint.

16.    Defendant admits Plaintiff has sued Defendant Spencer in her official capacity as a Conway Police Officer as stated in paragraph 16 of the Complaint. Defendant denies any and all wrongdoing alleged.

17.    Defendant denies each and every material allegation contained in paragraph 17 of the Complaint. Defendant specifically denies any and all wrongdoing alleged.

18.    Defendant denies each and every material allegation contained in paragraph number 18 of the Complaint. Defendant specifically denies any and all wrongdoing alleged.

19.    Defendant denies each and every material allegation contained in paragraph 19 of the Complaint and asserts that Officer Spencer was properly trained. Defendant specifically denies any and all wrongdoing alleged.

20.    Defendant denies the basis and characterization of the allegations contained in paragraph 20 of the Complaint. Defendant admits an Order to Nolle Prosequi the charges against Plaintiff was entered and the charges were dismissed. Defendant specifically denies any and all wrongdoing alleged.

21.    Defendant denies each and every material allegation contained in paragraph 21 of the Complaint. Defendant specifically denies any and all wrongdoing alleged.

4

## COUNT III

22.     Defendant reaffirms and reiterates each and every response to paragraphs 1 through 21 in response to paragraph 22 of Plaintiff's Complaint.

## JURY DEMAND

23.     Paragraph 23 of the Complaint requests a trial by jury. Defendant also requests a trial by jury on any material issue remaining at the time of trial.

24.     Defendant denies each and every material allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     The allegations contained in the Complaint fail to state a claim upon which relief may be granted. The Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2.     Defendant denies that any federal or state constitutional or statutory violation occurred.

3.     The City denies that any constitutional or statutory violation occurred as a result of a custom, policy or practice of the City.

4.     Defendant asserts any and all statutes of limitation applicable to each of the claims contained in the Complaint.

5.     Defendant is entitled to statutory immunity pursuant to Ark. Code Ann. § 21-9-301.

6.     Lois Spencer and the City of Conway avail themselves of any and all applicable state and federal immunities, available in any capacity, including, but not limited to, statutory, absolute, qualified, sovereign, good faith, absolute and quasi-judicial immunity.

7.     Defendant asserts that, to the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

5

8.  Defendants assert punitive damages are not recoverable against a municipality as a matter of law. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981).

9.  With respect to the claim for punitive damages against Lois Spencer, in her individual capacity, Separate Defendant asserts that claims for punitive damages are unconstitutional and should be dismissed for each of the following reasons:

a.  There is no definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates Separate Defendant's due process rights under the United States Constitution, including the Fourteenth Amendment thereto, and the Arkansas Constitution. Absent a high standard of proof, an award of punitive damages constitutes a taking without due process of law.

b.  An award of punitive damages violates Separate Defendant's due process and equal protection rights guaranteed by the United States Constitution, including the Fourteenth Amendment, and the double jeopardy clause of the United States Constitution, as incorporated into the Fourteenth Amendment, and the Arkansas Constitution in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics of a defendant; (4) is permitted to award punitive damages under a vague and arbitrary standard that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not

6

required to consider the character and degree of the alleged wrong because there is no standard of comparison for imposition of punitive damages.

c.      An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues violates Separate Defendant's due process rights guaranteed by the United States Constitution, including the Fourteenth Amendment, and the Arkansas Constitution.

14.     As investigation continues and discovery is undertaken, additional affirmative defenses may prove to be applicable including, but not limited to, those afforded by Fed. R. Civ. P. 8(c). If so, Defendant will seek leave to amend this Answer pursuant to Fed. R. Civ. P. 15.

Respectfully submitted,

Lois Spencer, in her individual and official capacities
**DEFENDANT**

*/s/ William C. Mann, III*
William C. Mann, III, AR Bar No. 79199
Attorney for Defendant
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6131
EMAIL: bmann@arml.org

## CERTIFICATE OF SERVICE

I, William C. Mann, III, hereby certify that on March 15, 2023, a true and correct copy of the above and foregoing was filed with the Clerk of the Court via electronic filing and notice of same has been sent to the attorney of record listed below:

Lucien Gillham
Lucien.gillham@gmail.com

Luther Sutter
luther.sutterlaw@gmail.com

*/s/ William C. Mann, III*
William C. Mann, III, AR Bar No. 7919

7