ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2022-Nov-22 12:42:20
23CV-22-1538
C20D01 : 4 Pages

# IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
## CIVIL DIVISION

**SUSAN KITTLER**                                                                                    **PLAINTIFF**

**VS.**                             **CASE NO. _____**

**LOIS S. SPENCER, INDIVIDUALLY, AND**
**IN HER OFFICIAL CAPACITY**                                                          **DEFENDANT**

## COMPLAINT

Comes the Plaintiff, **SUSAN KITTLER,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C.;** and, for this Complaint, she states:

### PARTIES & JURISDICTION

1. Plaintiff is a resident and citizen of Faulkner County, Arkansas, who brings this action against Lois S. Spencer, a duly acting and appointed Police Officer for the City of Conway. The City of Conway is a municipality organized and existing under the laws for the State of Arkansas, who employed Lois S. Spencer, (hereinafter "Spencer"), as a Police Officer. Officer Spencer is herein sued in her Individual and Official Capacity for violations of Plaintiff's State and Federal Constitutional Rights, as allowed by 42 USC 1983 and the Arkansas Civil Rights Act of 1993. Accordingly, this Court has jurisdiction over Plaintiff's claims, at common law, for malicious prosecution and false imprisonment. All actions were taken under the color of law.

### GENERAL ALLEGATIONS OF FACT

2. In April of 2021, Plaintiff was sitting at home, minding her own business.

3. Plaintiff, while doing so, states that her grand-children's biological father, arrived at her home with Easter baskets for his children, knowing there was an Order of Protection in place

4. He appeared, at her home, in clear violation of the *Order of Protection.*



5. Plaintiff contacted the Police because after he refused to leave her home as he has previously been charged with **AGGRAVATED ASSAULT - FAMILY OR HOUSEHOLD; TERRORISTIC THREATENING - 1ST DEGREE;** and **DOMESTIC BATTERING - 3RD DEGREE, see case number** *60CR-20-883 - STATE V BRYAN JAMES SWANIGAN*.

6. The Police appeared but refused to cite the biological father of Plaintiff's grandchildren, Swanigan, for trespassing &/or violation of an existing Order of Protection.

7. To the contrary, Defendant Spencer, in fact charged Plaintiff with aggravated assault without probable cause.

8. Indeed, the charges were eventually dismissed because they were factually and legally baseless.

## COUNT I

9. Plaintiff realleges the foregoing as if more fully set out herein.

10. By virtue of the facts alleged herein, Plaintiff was charged with a crime she did not commit. Plaintiff was arrested in violation of the 4th Amendment United States Constitution and Article 22 of the Arkansas Constitution. Plaintiff also sues for false imprisonment, abuse of process and malicious prosecution.

11. Plaintiff was seized and arrested without probable cause. Had Officer Spencer been properly trained, she would have seen that a crime had not been committed by Plaintiff.

12. Indeed, once the Prosecutor viewed the evidence in this matter, the charges were eventually dismissed.

13. As a direct and proximate cause of the acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, as well as incurred other damages in an amount to be proven at trial.

14. Defendant Spencer's actions have been egregious so as to warrant the imposition of punitive damages against her in her individual capacity.

## COUNT II

15. Plaintiff realleges the foregoing as if more fully set out herein.

16. Plaintiff brings this action against the Defendant Spencer in her official capacity as an Officer for Conway Police Department.

17. By virtue of the facts alleged herein, the Constitutional violation occurred due to the City of Conway's failure to train.

18. By virtue of the facts alleged herein, Plaintiff was charged with a crime she did not commit. Plaintiff was arrested in violation of the 4th Amendment United States Constitution and Article 22 of the Arkansas Constitution.

19. Plaintiff was seized and arrested without probable cause. Had Defendant, Officer Spencer, been properly trained, she would have seen that a crime had not been committed by the Plaintiff.

20. Again, once the Prosecutor viewed the evidence, the charges were eventually dismissed.

21. As a direct and proximate cause of the acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, as well as incurred other damages in an amount to be proven at trial.

## COUNT III

22. Plaintiff realleges the foregoing as if more fully set out herein.

## JURY DEMAND

23. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff, **SUSAN KITTLER**, prays for appropriate compensatory and punitive damages exceeding $500,000; for attorneys' fees and costs; for a trial by jury; and, all other proper relief to which she's entitled to.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C**.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:   */s/ Luther Sutter*
      Luther Sutter, Esq., ARBN 95031
      luther.sutterlaw@gmail.com

By:   */s/ Lucien R. Gillham*
      Lucien R. Gillham, Esq., ARBN 99199
      lucien.gillham@gmail.com