IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SUSAN KITTLER**                                                                                            **PLAINTIFF**

v.                                      **CASE NO. 4:23-CV-00197-BSM**

**LOIS SPENCER, individually,**
**and in her official capacity**                                                                **DEFENDANT**

## ORDER

Lois Spencer's motion for summary judgment [Doc. No. 12] is granted.

### I. BACKGROUND

Bryan Swanigan called the Conway Police Department to report that Susan Kittler pulled a gun on him while he was standing on her porch. *See* Def's. Statement of Undisputed Material Facts ("Def.'s SUMF") Doc. No. 14; Body Worn Camera of Lois Spencer ("Body Cam. Spencer"), Ex. 5, 4:44–5:40; Dep. Susan Kittler ("Dep. Kittler"), Ex. 1, 21:24–22:2; 911 Call Audio, Ex. 17, 0:01-0:10. Kittler lives with her daughter, Destiny, who is the mother of Swanigan's children, and there was an active no-contact order between Destiny and Swanigan. *See* Def.'s SUMF, Dep. Kittler Ex. 1, 31:2–3, 31:9, 45:8.

When Spencer arrived at Kittler's apartment, Kittler told Spencer that Swanigan had a history of violence with Destiny and that she repeatedly asked him to leave before she pulled her gun on him. *See* Def.'s SUMF, Body Cam. Spencer, Ex. 5, 9:00–11:17 5:17–5:28. Other officers spoke with Swanigan, who told them that he came to the apartment to drop off his children's Easter baskets and that by the time Kittler pulled the gun on him, he had left the porch and walked back to his car. *See* Def.'s SUMF, Dep. Kittler, Ex. 1, 56:7-58:8,

61:14-16. Spencer explained to Kittler that her actions were not justified because Swanigan did not pose an immanent threat. *See* Def.'s SUMF, Spencer, Ex. 5, 6:16–6:20.

After Spencer huddled-up with other officers who had spoken to Swanigan and Destiny, Kittler was arrested for aggravated assault and Swanigan was arrested for violating the no-contact order. *See* Def.'s SUMF, Body Worn Camera of Frankie Henderson*,* Ex. 3, 17:30–17:50; Body Worn Camera of Dustin Danner, Ex. 6, 5:20–6:20. The charges against Kittler were dismissed without prosecution. *See* Def.'s SUMF, *State v. Susan Kittler* 23CR-21-348, Ex. 9; Motion to Nolle Prosequi, Ex. 10; Order to Nolle Prosequi, Ex. 11.

Kittler is suing Spencer in her individual and official capacities for violating the Fourth Amendment, the Arkansas Civil Rights Act (ACRA), and committing false imprisonment, malicious prosecution, and abuse of process. Spencer is moving for summary judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the nonmoving party may not rest upon the mere allegations or denials in her pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d

641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

Spencer's motion for summary judgment is granted on all claims.

Summary judgment is granted on Kittler's Fourth Amendment claim against Spencer, in both her individual and officially capacities, because there was probable cause to arrest Kittler. *See United States v. Washington*, 109 F.3d 459, 465 (8th Cir. 1997) (officers have substantial latitude in determining whether a crime has been committed).  Kittler was arrested for aggravated assault which occurs when a person manifests an extreme indifference to the value of human life and purposefully displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person.  Ark. Code Ann. section 5-13-204(a)(2); *Harris v. State*, 35 S.W.3d 819, 824 (Ark. Ct. App. 2000) (evidence that a gun was pointed at someone was sufficient to support a conviction for aggravated assault).  Spencer's determination that there was probable cause to arrest Kittler was reasonable given the information available to her on the scene.  This is true even though Kittler argues that she was justified in pulling the gun on Swanigan.  *See* Pl.'s Br. Supp. Resp. Def.'s Mot. Summ. J., Doc. No. 23 at 8–9; *Gibson v. Cook*, 764 F.3d 810, 814 (8th Cir. 2014) (Spencer was not required to conduct a "mini-trial" before making the arrest).

Summary judgment is also warranted because Spencer is immune from suit.  *See Johnson v. Carroll*, 658 F.3d 819, 825 (8th Cir. 2011) (citations omitted) (qualified immunity shields government official unless her conduct violates a clearly established right). Spencer

3

did not violate a clearly established right because there was probable cause to support Kittler's arrest.

Summary judgment is granted on Spencer's ACRA, false imprisonment, and malicious prosecution claims for the same reason it is granted above: probable cause supported the arrest. *See* Ark. Code Ann. § 16-123-105(c) (ACRA claim is analyzed similarly to the Fourth Amendment claim); *Headrick v. Wal-Mart Stores, Inc.*, 738 S.W.2d 418, 420 (Ark. 1987) (false imprisonment is an arrest without legal authority); *Patrick v. Tyson Foods, Inc.*, 489 S.W.3d 683, 691–92 (Ark. Ct. App. 2016) (no malicious prosecution where arrest is supported by probable cause); *Taylor v. Doss*, 494 S.W.3d 456, 459 (Ark. Ct. App. 2016) (the test for probable cause is objective and not based on the accused's actual guilt, but on credible information that would induce an ordinary person to believe the accused to be guilty). Summary judgment is granted on Spencer's abuse of process claim because there is no evidence that Spencer used the judicial process to extort or coerce Kittler. *See Sundeen v. Kroger*, 133 S.W.3d 393, 398–99 (Ark. 2003) (the key to abuse of process is the improper use of process after its issuance in order to accomplish a purpose for which the process was not designed).

## IV. CONCLUSION

For the foregoing reasons, Spencer's motion for summary judgment is granted.

IT IS SO ORDERED this 29th day of October, 2024.

UNITED STATES DISTRICT JUDGE

4